## Dixon v. Butler County

*W. D. Markle* and *Marshall & McCandless*, for appellant.

*Zeno F. Henninger*, for appellee.

WILSON, P. J., April 22, 1935.—This case, an issue awarded by the court, being on the list for trial by the court and a jury in April term, 1935, the parties plaintiff and defendant agreed in writing on the facts, waived trial by jury, and submitted the issue to the court under the provisions of the Act of April 22, 1874, P. L. 109.

From the facts agreed upon by the parties the court finds the following pertinent facts:

1. Butler County is a county of the sixth class, and Homer Dixon was the duly elected, qualified and acting treasurer of said county from the first Monday of January, 1930, to the first Monday of January, 1934.

2. For each of the 4 years that Homer Dixon served as Treasurer of Butler County, including the year 1933, his annual salary was fixed by the salary board at $4,000, and said salary was paid to him in full by Butler County in the time and manner provided by law.

3. Homer Dixon, as county treasurer, in the latter half of 1933, collected township, borough and school seated land taxes for the years 1931 and 1932, returned by the

several tax collectors for the boroughs and townships of the county, to the amount of $39,878.22, which he paid over to the treasurers of the several districts, less a 2 percent commission amounting to $797.56, which he retained as his remuneration for receiving and paying over the said tax.

4. The said treasurer during said year received and paid over to the County of Butler, $9,376 county tax on seated land for 1931 and 1932, returned by the several collectors of the county; and the commissioners of the county by voucher no. 2135 paid to said treasurer the sum of $187.52, being 2 percent commission on said $9,376 of county tax so received and paid over by him.

5. The auditors of Butler County, in their report and settlement for the fiscal year 1933, filed at miscellaneous docket no. 3, September term, 1934, book 24, page 179, surcharged the said Homer Dixon, treasurer, with the said two items of commission on seated land tax for 1931 and 1932, so retained and received by him, to wit, $797.56 and $187.52, or a total surcharge of $985.08.

6. The said treasurer appealed to the court of common pleas from the said surcharges, and thereupon the court awarded an issue to determine whether or not the surcharges are proper, legal and just charges upon or against Homer Dixon, as Treasurer of Butler County.

### Discussion

The Act of June 29, 1923, P. L. 944, sec. 1, provides:

"In counties of the sixth class, the compensation of the county treasurer shall be fixed under the provisions of existing law, but the treasurer shall not, in any case, receive more than four thousand dollars ($4,000) in any one year".

Section 6 of the same act provides:

"The salaries fixed and provided for by this act shall be in lieu of all moneys, fees, perquisites, mileage, expenses, and other allowances which are now or may here-

after be received or allowed to such officers, except such fees as may be received by them when acting as agents of the Commonwealth. All such moneys, fees, mileage, or perquisites shall be received and collected by such officers, shall belong to the county, and shall be paid into the county treasury, and all said officers shall be entitled to receive from the county all necessary traveling expenses incurred in the administration of their office."

Section 3 of the same act provides:

"Each of said officers shall appoint and may dismiss the deputies and clerks of his office."

Sections 4 and 5 of the same act provide that the salary board shall be composed of the county commissioners and the county treasurer, that this board shall determine the number of deputies and clerks required to conduct the business of each of the several county offices, including that of the county treasurer, that it shall fix the amount of salary to be paid to such deputies and clerks so authorized and appointed, and that their salaries shall be paid by the county.

The Act of May 29, 1931, P. L. 280, requires all tax collectors to make return to the county commissioners of any county, borough, township or school district tax levied upon seated land and remaining unpaid, not later than the first Monday of May in the year following the year in which the tax was levied, and directs the county commissioners to certify all such taxes so returned to the county treasurer for collection. Said act further empowers the county treasurer to make sale of the real estate on which said delinquent tax was levied for the purpose of enforcing payment or collection of said tax and directs him to pay over the tax received by him to the several taxing bodies levying the tax. The last paragraph of section 8 of the said act reads as follows:

"For receiving and paying over the purchase money or taxes collected by him, the county treasurer shall be entitled to a commission of two per centum (2%) there-

of; such commission to be deducted from the amount to be paid to the taxing district upon any settlement with the taxing district, and upon presentation to the taxing district of a transcript of the information required to be compiled by the county treasurer by section eleven hereof."

It is contended by counsel for the plaintiff treasurer that because the Act of 1931, supra, imposes duties on the treasurer other than those existing when the salary Act of 1923 was enacted, it was the intention of the legislature to give to the treasurer, as remuneration for receiving and paying out delinquent real estate tax, the 2 percent commission provided in the tax act, in addition to his annual salary as fixed by the salary board under the provision of the Act of 1923.

We cannot agree with this contention for the reason that the Act of 1923 empowers the salary board to fix the annual salary of the treasurer, limits the board's authority to a maximum salary of $4,000 per annum, which the plaintiff received, and further provides that the annual salary so fixed shall be in lieu of all costs, fees, commissions or emoluments which are now or may hereafter be received or allowed to such officer, except such fees as he may be entitled to receive while acting as agent for the Commonwealth. In receiving and paying over county, borough, township and school district delinquent taxes the plaintiff was not acting as agent of the Commonwealth, and it was his duty to pay over to the county all such fees and emoluments received or collected by him, except such as he received while acting as agent of the Commonwealth.

The legislature no doubt had in mind when the Salary Act of 1923 was enacted, and the maximum annual pay that a treasurer in a sixth class county could receive was fixed at $4,000 and fees as agent of the Commonwealth, that other duties might be imposed on the treasurer's office by later laws, and for that reason the salary board

was authorized annually to consider the number of deputies and clerks that would be required to perform the duties of the office, and annually to fix the wages or salaries of such deputies and clerks, all of whom were to be paid by the county, but all of whom could be employed and dismissed by the treasurer. We have the right to assume that the salary board took into consideration the additional duties imposed on the office of the county treasurer by the Act of 1931 and made provision for additional clerks, or would have done so had the treasurer requested.

Our attention has not been called to any act repealing expressly or by implication the provisions of the Salary Act of 1923 insofar as it relates to the salary of county treasurers. The Acts of June 12, 1931, P. L. 560, May 3, 1933, P. L. 239, and May 25, 1933, P. L. 1022, have been called to our attention, but we do not believe the said acts have any application to the issue here involved.

We therefore conclude that, as the plaintiff as county treasurer received and retained the sum of $985.08 as commissions for receiving and paying over delinquent tax collected by him during the year 1933, and this said commission so collected should have been paid over to the county, we must sustain the surcharge of that amount.

*Conclusions of law*

1. The annual salary or remuneration of the treasurer of a sixth class county is limited to the amount fixed by the salary board, and in addition thereto such fees as he may receive, while acting as agent of the Commonwealth.

2. All fees collected and received by the treasurer of a sixth class county, except fees for acting as agent of the Commonwealth, are for the use and benefit of the county, and are to be paid into the county treasury by the said officer.

3. In receiving and paying out delinquent county,

borough, school district and township tax during the year 1933 the plaintiff treasurer was not acting as agent for the Commonwealth.

### Order

Now, April 22, 1935, the surcharge of $985.08 against Homer Dixon, Treasurer of Butler County, by the auditors of said county, in their report and settlement of his accounts for the fiscal year 1933, is sustained as a legal charge against him, and judgment is awarded the defendant, the County of Butler, against Homer Dixon, plaintiff, in the sum of $985.08.

From Thomas H. Greer, Butler.